James F. Noonan
vs.
Frank Rose
No. 78050.

January 31, 1934.

POULIOT, J. This matter is before the Court on defendant's motion for a new trial after a jury returned a verdict for the Plaintiff for $525.37.

This action arises out of a written agreement concerning the removal of two houses from one lot of land to another location, building foundations on the new location, etc., for which the defendant was to pay the plaintiff $1,330. The plaintiff, having received $800 on account, sues to recover a balance of $530, plus $4.55 for extra cement, a total of $534.55.

The dispute is one of settlement of facts and is one which is proper for a jury to decide.

The plaintiff claims substantial compliance with the written agreement and states that in building the foundation walls he was ordered by the Inspector of Buildings to build one requiring cement and not a dry stone wall as called for in the agreement.

The defendant claims that the work was not properly done; that the foundations did not fit the dwellings and that the plaster and walls cracked when the houses were let down on the new foundations.

There was considerable testimony on both sides in support of the contentions of each party to this controversy.

If you believe the testimony of the plaintiff and his witnesses, he proved his case by a preponderance of the evidence. If you believe the defendant and his witnesses, then the plaintiff has no right in Court. It's all a matter of which set of witnesses impresses you as telling a reasonable and probable story.

The jury evidently believed the plaintiff and the Court feels there is ample credible evidence upon which it could base the verdict it found.

The damages awarded are not excessive and were not claimed so in the argument on motion for a new trial except in the sense that the cost of repairing this work, as claimed by the defendant, should be deducted.

Motion for new trial denied.

For plaintiff: Stephen J. Casey, Cooney & Cooney.

For defendant: Fitzgerald & Higgins, George Hurley, Walter Moriarty.